# United States District Court
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| SHENZHEN CHITADO TECHNOLOGY CO., LTD., *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:26-cv-1568<br>Judge Mazzant |
| X FUTURE LLC, Et al., *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Shenzhen Chitado Technology Co., Ltd.'s ("Plaintiff" or "Chitado") Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. #15). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

Plaintiff Schenzhen Chitado Technology Co. Ltd. ("Chitado") is the applicant and assignee named on U.S. Patent Nos. 12,649,534 (the "'534 Patent") and 12,595,012 (the "'012 Patent") (together, the "Asserted Patents") (Dkt. #15 at p. 3). Plaintiff alleges Defendant infringes the asserted patents by selling the isinwheel H7 and H7 Pro and the iScooter DX5 and DX6 Pro through two brand websites, five Amazon.com storefronts, and a warehouse in Plano, Texas (Dkt. #15 at p. 3).

## LEGAL STANDARD

A party seeking a temporary restraining order must establish the following elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat plaintiff will suffer irreparable harm if the injunction is not granted; (3) the threatened injury outweighs any damage

the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). Because this is a patent infringement case, likelihood of success on the merits is governed by Federal Circuit law; the other factors are governed by the law of the regional circuit—here, the Fifth Circuit, in which this Court sits. *ABC Corp. I v. P'ship & Unincorporated Ass'ns Identified on Sch. "A"*, 52 F.4th 934, 941 (Fed. Cir. 2022). "A preliminary injunction is an extraordinary remedy and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements." *Id.* Nevertheless, a movant "'is not required to prove its case in full at a preliminary injunction hearing.'" *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1985) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). The decision whether to grant a preliminary injunction lies within the sound discretion of the district court. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 320 (1982).

## ANALYSIS

Chitado requests the Court enjoin and restrain Defendants from "making, using, offering to sell, or selling in the United States, or importing into the United States, the isinwheel H7, isinwheel H7 Pro, iScooter DX5, and iScooter DX5 Pro electric scooters (the "Accused Products"), including through the storefronts and listings" identified in an Appendix attached to the Motion (Dkt #15 at p. 2). The Court will evaluate whether a temporary restraining order should issue using the traditional four-factor test.

### I. Likelihood of Success on the Merits

For a patentee-plaintiff to establish that it is likely to succeed on the merits of a patent infringement claim, it must show (1) that it is likely to prove infringement of the patent claim, and (2) that the infringed-upon claim is valid. *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1050 (Fed. Cir. 2010). Where a "competitor raises a substantial question concerning either infringement or

validity, *i.e.*, asserts an infringement or invalidity defense that the patentee cannot prove 'lacks substantial merit'" a court should not issue injunctive relief. *Amazon.com v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350–1351 (Fed. Cir. 2001).

First, neither party provides competing claim construction arguments. The Court will therefore construe the terms with their plain and ordinary meaning, emphasizing that claim construction at this stage of the proceedings is preliminary. *Wavetronix LLC v. Iteris, Inc.*, No. A-14-CV-970-SS, 2015 WL 300726, *3 (W.D. Tex. Jan. 22, 2015).

The Court will next address validity. Chitado argues that "[b]oth patents are presumed valid, 35 U.S.C. § 282(a), and the burden of establishing invalidity rests on the challenger and 'exists at every stage of the litigation'" (Dkt. #15 at pp. 9–10). Both Asserted Patents are continuations-in-part of PCT/CN2025/106945 (the "PC Application"), which claims priority to Chinese Application No. 202410885010.1 (the "Chinese Application") filed on July 3, 2024 (Dkt. #15 at p. 9). The Asserted Patents claim the priority date of the Chinese Application, July 3, 2025 (Dkt. #15 at p. 9). Defendant argues that the asserted claims are not entitled to this priority date because the Chinese Application does not support every limitation of the asserted claims (Dkt. #20 at p. 9). Defendants argue instead that the claims are entitled to a priority date of July 3, 2025, the date the PCT Application was filed because "Plaintiff overcame indefiniteness rejections of 'substantially flat' and 'substantially horizontal contact' by relying on definitions that first appear in the U.S. specification" and three new inventors named only in the U.S. patents "swore to contributing to the claimed invention" (Dkt. #20 at p. 9). Defendant then cites sales activity over a year before July 3, 2024 (Dkt. #20 at p. 10). Sales made more than one year before a patent's priority date implicate the on-sale bar to patentability. 35 U.S.C.A. § 102; *see Definitive Holdings v.*

*Powerteq*, 171 F.4th 1373 (Fed. Cir. 2026). At this stage, Defendant must establish a "substantial question of invalidity" to defeat a temporary restraining order on the basis of invalidity. *PHG Techs., LLC v. St. John Comps., Inc.*, 469 F.3d 1361, 1365 (Fed. Cir. 2006). The Court finds that Defendant has met that burden here, making a temporary restraining order improper under these circumstances. *See Tinnus Enterprises, LLC v. Telebrands Corp.*, No. 6:16-cv-33, 2017 WL 24147, at *2 (E.D. Tex. Jan. 3, 2017) ("if the alleged infringer raises a substantial question concerning validity, *i.e.*, asserts an invalidity defense that the patentee cannot prove 'lacks substantial merit,' [injunctive relief] should not issue"). Because the Court concludes that Plaintiff has failed to carry its burden of showing a substantial likelihood of success on the merits, the Court need not address the remaining three factors. *See DFW Metro Line Servs. v. Sw. Bell Tel. Co.*, 901 F.2d 1275, 1269 (5th Cir. 1990). Plaintiffs' request for a temporary restraining order is therefore denied.

## CONCLUSION

It is therefore **ORDERED** that Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. #15) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 20th day of November, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE